```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JUDY J. PETERSEN, D.O.,

    Plaintiff,

v.                                  Civil Action No: 2:06-cv-0664

WEST VIRGINIA UNIVERSITY BOARD OF
GOVERNORS, WEST VIRGINIA UNIVERSITY MEDICAL
CORPORATION CHARLESTON DIVISION,
dba WEST VIRGINIA UNIVERSITY
PHYSICIANS OF CHARLESTON, a West
Virginia nonprofit corporation;
CABIN CREEK HEALTH SYSTEMS, INC.,
a West Virginia corporation;
and DAVID E. HUGHES, individually,

    Defendants


## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant West Virginia University Board of Governors ("Board"), filed June 8, 2007, seeking dismissal of the claims asserted against it.

I.

Plaintiff instituted this action in the Circuit Court of Kanawha County, West Virginia on June 23, 2006, alleging, in essence, that her employment contract was not renewed because she exercised her leave rights under the Family Medical Leave Act. The Board was not originally named in her complaint. The action

was removed on August 25, 2006.  On January 22, 2007, plaintiff sought leave to amend her complaint to add the Board as a party defendant and assert claims against it.  By order entered March 21, 2007, the court granted the motion.  The court further (1) directed that plaintiff's proposed amended complaint, which was attached to their motion, be deemed filed that same day and (2) ordered that the amended complaint be served forthwith.

West Virginia Code section 55-17-3(a)(1) provides in pertinent part that

> Notwithstanding any provision of law to the contrary, <u>at least thirty days prior to the institution of an action against a government agency</u>, the complaining party or parties must provide the chief officer of the government agency and the attorney general written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired . . .

(emphasis supplied).  In an effort to comply with this statute, on April 3, 2007, counsel for plaintiff sent a letter to the Chairman of the Board and the Attorney General of the State of West Virginia.  The letter reads

> Pursuant to West Virginia Code § 55-17-3, the Board is hereby put on notice that the complaining party, Judy J. Petersen, D.O., will institute an action against the Board in the Federal District Court for the Southern District of West Virginia within thirty (30) days of the date of the mailing of this notice by service of a summons and Amended Complaint . . .
>
> Dr. Petersen requests that the Board waive the 30

>    day notice requirement.  In the absence of such a
>    waiver, Dr. Petersen will commence service of the
>    Amended Complaint on the Board 30 days from the date
>    of mailing of this notice.

(April 4, 2007, Correspondence, attached as Ex. A to Pl.'s Resp. Memo.)  On May 4, 2007, plaintiff forwarded the summons and amended complaint to the West Virginia Secretary of State for service upon the Board, and the Board was subsequently served on May 14, 2007.  (Sec. of St. Corr., attached as Ex. B to Pl.'s Resp. Memo.; Status of Process Search, attached as Ex. C to Pl.'s Resp. Memo.)

## II.

The West Virginia Supreme Court has recently addressed the effect of a party's failure to comply with the notice provisions of West Virginia Code section 55-17-3(a) in <u>Motto v. CSX Transportation</u>, -- S.E.2d --, 2007 WL 1526995 (W. Va. 2007).  In <u>Motto</u>, plaintiffs sought to impose liability upon defendants CSX Transportation and the West Virginia Department of Environment Protection ("DEP") for acts which allegedly caused flood damage to their property.  <u>Id.</u>  Plaintiffs admittedly failed to provide notice to DEP in accordance with West Virginia Code section 55-17-3(a)(1) and DEP sought dismissal of plaintiffs' claim.  <u>Id.</u>  Plaintiffs responded requesting the

circuit court stay the proceedings for thirty days to permit compliance with this statute. Id.

Addressing two certified questions from the circuit court, the West Virginia Supreme Court held that compliance with the pre-suit notification provisions found in West Virginia Code section 55-17-3(a) is a jurisdictional prerequisite for filing an action against certain state entities. Id. Although it rejected plaintiffs' suggestion that the circuit court possessed discretion to stay a case pending compliance with the notification provisions in section 55-17-3(a)(1), the court went on to hold that an action dismissed for failure to comply with the pre-suit notice provisions may be re-filed after expiration of the original statute of limitations pursuant to West Virginia's savings statute, West Virginia Code section 55-2-18. Id. Ultimately, the West Virginia Supreme Court directed the circuit court to "dismiss the instant action for lack of jurisdiction due to plaintiffs' failure to comply with the notice provisions of W. Va. Code § 55-17-3(a)." Id.

Here, the Board similarly asserts that plaintiff has failed to comply with the pre-suit notice provisions in West Virginia Code section 55-17-3(a)(1) and seeks dismissal of plaintiff's claims asserted against it in the amended complaint.

4

In plaintiff's response she does not contest the applicability of West Virginia Code section 55-17-3(a)(1).  She further acknowledges that she did not provide the Board or Attorney General with notice of her claims prior to either (1) the filing of her motion to amend the complaint or (2) the court deeming the amended complaint filed.

Plaintiff contends that the statutory phrase "prior to the institution of an action" should be construed to mean prior to the service of a complaint, as opposed to prior to the filing of a complaint.  Inasmuch as plaintiff sent the notice referred to by West Virginia Code section 55-17-3(a)(1) prior to serving her amended complaint on the Board, she maintains that West Virginia Code section 55-17-3(a)(1) does not compel dismissal of her action.  Alternatively, plaintiff argues that, under Motto, if the court dismisses her action against the Board, she should be permitted to re-file her amended complaint against the Board in accordance with West Virginia's savings statute.

In its reply, the Board asserts that plaintiff instituted her action against it on the date that the amended complaint was filed.  It further contends that consideration of plaintiff's argument respecting the savings statute is premature inasmuch as that issue arises only after the current suit has

5

been dismissed and a new action with proper notice pursuant to West Virginia Code section 55-17-3(a) has been filed.

### III.

Resolution of the dispute in this matter turns upon the interpretation of the statutory language "prior to the institution of this action." Plaintiff is correct in her assertion that the court in Motto had no need to confront the issue of whether "prior to the institution of an action" means prior to the service of the complaint or prior to the filing of a complaint. Plaintiff, however, has not provided, nor has the court found, any West Virginia authority which supports her position that an action is instituted upon the service of the complaint. Indeed, there is West Virginia authority suggesting that an action is instituted upon the filing of a complaint. More specifically, West Virginia Rule of Civil Procedure 3(a) expressly provides that "[a] civil action is commenced by filing a complaint with the court." While this rule uses the term "commenced" rather than "instituted," the West Virginia Supreme Court has used "commenced" and "instituted" interchangeably. See Stevens v. Saunders, 220 S.E.2d 887, 889 (W. Va. 1975) (applying previous version of W. Va. R. Civ. P. 3 and observing that the rule is dispositive when determining when an action is

"instituted or commenced."). Accordingly, plaintiff instituted the action against the Board when the court deemed plaintiff's amended complaint to be filed. Inasmuch as the Board did not receive notice prior to the institution of this action as mandated by West Virginia Code section 55-17-3(a)(1), the court is without jurisdiction and dismissal is warranted. As for plaintiff's argument concerning the applicability of the savings statute, the request is at best premature and the court is without jurisdiction at this juncture to consider it.

Respecting the scope of the dismissal, the Board's motion requests that the court dismiss only the claims plaintiff asserts against it in the amended complaint. The Board does not seek dismissal of the claims in plaintiff's amended complaint that plaintiff asserts against the other defendants, nor has any other defendant joined in the Board's motion to dismiss.

While not addressed by the parties here, the <u>Motto</u> decision directed the dismissal of plaintiff's claims asserted against all defendants in that case. In conjunction with the holding that the notice provisions of West Virginia Code section 55-17-3(a) are a jurisdictional prerequisite to the institution of an action against certain state entities, the West Virginia Supreme Court, after acknowledging the presence of claims against

a private corporation, directed the circuit court to dismiss the "instant action" without limiting the dismissal to only the claims asserted against the state entity.  Additionally, throughout the Motto decision the West Virginia Supreme Court refers to "dismissal" of the action without limitation.  Nevertheless, it does not now appear necessary that the entirety of this action be dismissed and the court declines to consider doing so in the absence of a request for such relief.

IV.

In view of the foregoing, it is ORDERED that the motion to dismiss be, and it hereby is, granted, and the West Virginia University Board of Governors as well as the plaintiff's claims against it are dismissed without prejudice.

The Clerk is directed to forward a copy of this memorandum opinion and order to all counsel of record.

DATED: July 31, 2007

John T. Copenhaver, Jr.
United States District Judge

8